**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHLOYDE PELTON and SHIRLEY PELTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-4316 |
| AIR & LIQUID SYSTEMS CORPORATION, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT JOHN CRANE INC.'S RULE 12(B)(6) MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFFS' COMPLAINT

Defendant John Crane Inc., by and through its undersigned counsel, moves to dismiss Counts IV and V of Plaintiffs' Complaint pursuant to F.R.C.P. Rule 12(b)(6). In support of its motion, Defendant John Crane Inc. states as follows:

## INTRODUCTION

Plaintiffs have failed to allege causes of action for negligent and willful and wanton spoliation of evidence against Defendant John Crane Inc. Plaintiffs filed their Complaint against Defendant John Crane Inc. on (insert date). See Plaintiffs' Complaint attached as Exhibit A. Plaintiffs allege that Plaintiff Chloyde Pelton's mesothelioma was caused by his work with and/or around a variety of asbestos-containing products (including Defendant John Crane Inc.'s products) from his work in the U.S. Navy as a pipefitter/shipfitter from approximately 1959 through 1963. (Exhibit A Count I ¶ 1.) Defendant John Crane Inc. removed this case from the Circuit Court of Cook County, IL to this Court on (insert date). See Doc. No.

In Count IV, Plaintiffs allege that Defendant John Crane Inc. had documents and information relating to the issues in this case. (Exhibit A Count IV ¶ 1). According to Plaintiffs,

it was foreseeable to Defendant John Crane Inc. that Defendant John Crane Inc.'s documents and information constituted material evidence in potential civil litigation, namely asbestos litigation, and that Defendant John Crane Inc. had a duty to maintain and preserve said documents and information. Id. ¶ 3. Plaintiffs claim to have sought full disclosure of Defendant John Crane Inc.'s relevant documents and information, but have been unable to obtain them. Plaintiffs claim that this leads to an inference that Defendant John Crane Inc. negligently destroyed or otherwise disposed of said documents and information. Id. ¶s 4-7.

In Count V, Plaintiffs also allege that Defendant John Crane Inc. recklessly disregarded its duty by intentionally destroying material evidence relevant to this matter. (Exhibit A Count V ¶ 2). Plaintiffs' willful and wanton allegations are based on the same conclusions and insufficient facts found in Count IV.

## ARGUMENT

### I. Legal Standard

The Federal Rules of Civil Procedure require that a complaint have a "short and plain statement of the claim showing the pleader is entitled to relief. "Fed. R. Civ. P. 8(a)(2). The complaint must provide a defendant with "fair notice" of the plaintiff's claim and its basis. *Independent Trust Corporation vs. Stewart Information Services Corporation*, 665 F.3d 930 (7th Cir. 2012) citing *Erickson vs. Pardus*, 551 U.S. 89, 93 (2007), quoting *Bell Atlantic Corp vs. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court requires the allegations in the complaint state a "plausible" claim for relief. *Id* at 934, citing *Ashcroft vs. lqbal*, 556 U.S. 662 (2009).

"[A] party may assert the following defense by motion … (6) failure to state a claim upon which relief can be grated;" Fed. R. Civ. P. 12 (b) (6). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. A claim has facial

plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is labile for the misconduct alleged." *Id* at 934-935, quoting *Twombly*, 550 U.S. at 570). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. vs. CIT Technology Financing Services*, 536 F.3d 663, 668 (7th Cir. 2008), quoting *Tamayo vs. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

Plaintiffs' Complaint must supply "enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. The Supreme Court explained: "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004. The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action on the assumption that all the allegations in the complaint are true (even if doubtful in fact). *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002).

## II.     Defendant John Crane Inc. had no duty to preserve evidence

Plaintiffs have failed to allege any facts that Defendant John Crane Inc. had a duty to preserve evidence.  Under Illinois substantive law, there is no general duty to preserve evidence. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 195 (1995).  A duty to preserve evidence only arises

through an agreement, contract, statute, special circumstance, or through voluntarily assumption of said duty. *Id*. A party's status as a potential litigant does not constitute a special circumstance under which the party would have a duty to preserve material evidence. *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270 ¶ 49 (2012). To determine whether there is a duty to preserve evidence, a court must first determine whether such a duty arises by agreement, contract, statute, special circumstance, or voluntary undertaking, and, if so, determine whether that duty extends to the evidence at issue. *Dardeen v. Kuehling*, 213 Ill.2d 329, 336 (2004) citing *Boyd*, 166 Ill.2d. at 195 (1995). If a plaintiff does not satisfy both prongs, there is no duty to preserve the evidence at issue. *Id* citing *Anderson v. Mack Trucks, Inc.* 341 Ill.App.3d 212, 215 (2d Dist. 2003).

Plaintiffs cannot satisfy either prong of the duty to preserve evidence articulated by the *Boyd* Court. Plaintiffs have not alleged any facts that Defendant John Crane Inc. had an agreement or contact to preserve the unspecified documents and information that Plaintiffs claim was destroyed or otherwise disposed of. Plaintiffs have not asserted that an Illinois statute required Defendant John Crane Inc. to preserve the unspecified documents and information that Plaintiffs claim was destroyed or otherwise disposed of. Finally, Plaintiffs have not asserted that Defendant John Crane Inc. voluntarily assumed a duty to preserve the unspecified documents and information that Plaintiffs claim was destroyed or otherwise disposed of.

Plaintiffs appear to assert that since Defendant John Crane Inc. is as a potential litigant in asbestos litigation, Defendant John Crane Inc. has/had a duty to preserve the unspecified documents and information that Plaintiffs claim was destroyed or otherwise disposed of. (Exhibit A Count IV ¶ 3). Plaintiffs' assertion run contrary to Illinois law. *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270 ¶ 49 (2012). As a potential litigant, Defendant John Crane Inc. had no duty to

preserve documents and information.  Plaintiffs have failed to satisfy the first prong of the *Boyd*.

Therefore, Count IV of Plaintiffs' Complaint must be dismissed.

### III.    Willful and Wanton Spoliation of Evidence Is Not a Cause of Action Under Illinois Law

Plaintiffs also allege that Defendant John Crane Inc. recklessly disregarded its duty by intentionally destroying material evidence relevant to this matter.   (Exhibit A Count V ¶ 2). Plaintiffs' allegations are flawed in that Defendant John Crane Inc. had no duty to preserve the unspecified documents and information.  Moreover, the Seventh Circuit found there is no such cause of action under Illinois law. *Borsellino vs. Goldman Sachs Group, Inc.*, 477 F3d 502, 509-510 (7th Cir. 2007). ("The Supreme Court of Illinois has emphasized…that the state does not recognize a tort of intentional spoliation of evidence.")[citing *Boyd vs. Travelers Ins. Co.*, 166 Ill.2d 188, 209 Ill. Dec. 727, 652 N.E.2d 267, 269-70 (1995)]. Plaintiffs can prove no set of facts that would entitle them to relief under the law. Therefore, Count V of Plaintiffs' Complaint should be dismissed.

### CONCLUSION

WHEREFORE, Defendant John Crane Inc. requests that this Court grant its Motion and dismiss Counts IV and V of Plaintiff's Complaint with prejudice or in the alternative require a more definite statement and for any other relief it deems equitable and fair.

Dated August 20, 2021       Respectfully submitted,

By:    */s/ Anthony D. Danhelka*
        Mark I. Tivin, Atty No. 6210281
        mtivin@mgmlaw.com
        Pamela R. Gamble, Atty No. 6282922
        pgamble@mgmlaw.com
        Anthony D. Danhelka, Atty No. 6305698
        adanhelka@mgmlaw.com
        MANNING GROSS + MASSENBURG LLP
        55 W. Monroe Street, Suite 3360
        Chicago, IL 60603
        Telephone: (312) 625-4995
        Facsimile: (312) 291-9396
        ATTORNEYS FOR DEFENDANT
        JOHN CRANE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, the aforementioned document was electronically filed with the clerk of the court for Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Anthony D. Danhelka*
Attorneys for Defendant John Crane Inc.