**12-Person Jury**

FILED
7/8/2021 9:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006906

**IN THE CIRCUIT COURT
COOK COUNTY, ILLINOIS**

FILED DATE: 7/8/2021 9:23 AM   2021L006906

| | |
|---|---|
| CHLOYDE PELTON and SHIRLEY PELTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| -vs.- | ) No. 21-L-__ |
| | ) J1 |
| | ) |
| AIR & LIQUID SYSTEMS CORPORATION, *successor by* | ) JURY TRIAL DEMANDED |
| merger to BUFFALO PUMPS, INC., | ) |
| ALFA LAVAL INC., *individually and as successor-in-interest to* | ) |
| DELAVAL PURIFIERS, | ) |
| AMTROL INC., *successor-in-interest to* THRUSH COMPANY | ) |
| and H.A. THRUSH COMPANY, | ) |
| CARRIER CORPORATION, | ) |
| CARRIER GLOBAL CORPORATION, | ) |
| CATERPILLAR, INC., | ) |
| CLEAVER-BROOKS, INC., *f/k/a* CLEAVER-BROOKS, a | ) |
| *division of* AQUA-CHEM, INC., *and successor for* DAVIS | ) |
| HEATERS, | ) |
| CRANE CO., *Individually and as successor-in-interest to* | ) |
| CHAPMAN VALVE MANUFACTURING COMPANY, | ) |
| DEMING PUMPS and SWARTOUT VALVES, | ) |
| CROWN, CORK AND SEAL COMPANY, INC., *successor-in-* | ) |
| *interest to* MUNDET CORK COMPANY, | ) |
| FLOWSERVE US, INC., *solely as successor in interest to* | ) |
| EDWARD VALVES, INC., | ) |
| FOSTER WHEELER ENERGY CORPORATION, | ) |
| FMC CORPORATION, *on behalf of its former* NORTHERN | ) |
| PUMP business, | ) |
| GARDNER DENVER, INC., | ) |
| GENERAL ELECTRIC COMPANY, | ) |
| GOULDS PUMPS, LLC, *f/k/a* GOULDS PUMPS, INC., | ) |
| GREENE, TWEED & CO., | ) |
| GRINNELL, LLC, d/b/a GRINNELL CORPORATION, | ) |
| HILL BROTHERS CHEMICAL COMPANY, | ) |
| HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED | ) |
| SIGNAL INC., *successor-in-interest to* THE BENDIX | ) |
| CORPORATION, | ) |
| IMO INDUSTRIES INC., *individually and as successor-in-interest* | ) |
| *to* DELAVAL TURBINE, INC., and C.H. WHEELER | ) |
| MANUFACTURING COMPANY, | ) |
| J AND H MARINE & INDUSTRIAL ENGINEERING | ) |
| COMPANY; | ) |

Exhibit A

FILED DATE: 7/8/2021 9:23 AM   2021L006906

JOHN CRANE, INC., )
THE J.R. CLARKSON COMPANY, *successor to the* KUNKLE )
   VALVE COMPANY, *and successor to* J.E. LONERGAN )
   COMPANY, )
MCNALLY INDUSTRIES, LLC *successor to* NORTHERN )
   FIRE APPARATUS, )
METALCLAD INSULATION, LLC, )
METROPOLITAN LIFE INSURANCE COMPANY, )
THE NASH ENGINEERING COMPANY, )
PNEUMO ABEX, LLC, )
QUINCY COMPRESSOR LLC, *a/k/a* QUINCY )
   COMPRESSOR CO., )
ROBERTSHAW CONTROLS CO., )
SPIRAX SARCO, INC., )
SYD CARPENTER MARINE CONTRACTORS, )
TACO, INC., )
TATE ANDALE, INC., )
THOMAS DEE ENGINEERING COMPANY, )
THRUSH CO., INC., )
TRIPLE A MACHINE SHOP, INC., )
UNION CARBIDE CORPORATION, )
VELAN VALVE CORP., *a/k/a* VELAN VALVE )
   CORPORATION, )
ViacomCBS INC., *f/k/a* CBS CORPORATION (a Delaware )
   Corporation *f/k/a* Viacom, Inc.) *is a successor by merger to* )
   CBS CORPORATION (a Pennsylvania corporation *f/k/a* )
   Westinghouse Electric Corporation) *and also successor-in-* )
   *interest to* BF STURTEVANT, )
WARREN PUMPS, LLC, and )
WEIR-VALVES & CONTROLS USA, INC., *d/b/a* ATWOOD & )
   MORRILL CO., )
                )
            Defendants. )

## COMPLAINT

## COUNT I

### NEGLIGENCE COUNT AS TO MANUFACTURERS OF ASBESTOS PRODUCTS

      COME NOW the Plaintiffs, CHLOYDE PELTON and SHIRLEY PELTON, by their

attorneys, Flint Law Firm, LLC, and for their cause of action against the Defendants, state:

      1.    The Plaintiff, CHLOYDE PELTON, served in the U.S. Navy as a

pipefitter/shipfitter from approximately 1959 through 1963 on various ships including, but not limited to the U.S.S. Lyman K. Swenson (DD-729), U.S.S. Pritchett (DD-561) and the U.S.S. Frontier (AD-25).

2. During the course of the Plaintiff CHLOYDE PELTON's employment, during non-occupational work projects (including, but not limited to, automotive repairs, while laundering clothes, maintenance and remodeling) and/or in other ways, the Plaintiff, CHLOYDE PELTON, was exposed to and inhaled asbestos fibers emanating from certain products he was working with and around, which were manufactured, sold, distributed or installed by the Defendants: AIR & LIQUID SYSTEMS CORPORATION, *successor by merger to* BUFFALO PUMPS, INC., ALFA LAVAL INC., *individually and as successor-in-interest to* DELAVAL PURIFIERS, AMTROL INC., *successor-in-interest to* THRUSH COMPANY and H.A. THRUSH COMPANY, CARRIER CORPORATION, CARRIER GLOBAL CORPORATION, CATERPILLAR, INC., CLEAVER-BROOKS, INC., *f/k/a* CLEAVER-BROOKS, a *division of* AQUA-CHEM, INC., *and successor for* DAVIS HEATERS, CRANE CO., *Individually and as successor-in-interest to* CHAPMAN VALVE MANUFACTURING COMPANY, DEMING PUMPS and SWARTOUT VALVES, CROWN, CORK AND SEAL COMPANY, INC., *successor-in-interest to* MUNDET CORK COMPANY, FLOWSERVE US, INC., *solely as successor in interest to* EDWARD VALVES, INC., FOSTER WHEELER ENERGY CORPORATION, FMC CORPORATION, *on behalf of its former* NORTHER PUMP business, GARDNER DENVER, INC., GENERAL ELECTRIC COMPANY, GOULDS PUMPS, LLC, *f/k/a* GOULDS PUMPS, INC., GREENE, TWEED & CO., GRINNELL, LLC, *d/b/a* GRINNELL CORPORATION, HILL BROTHERS CHEMICAL COMPANY, HONEYWELL INTERNATIONAL, INC., *f/k/a* ALLIED SIGNAL INC., *successor-in-interest to* THE BENDIX

FILED DATE: 7/8/2021 9:23 AM  2021L006906

FILED DATE: 7/8/2021 9:23 AM  2021L006906

CORPORATION, IMO INDUSTRIEINC., *individually and as successor-in-interest to* DELAVAL TURBINE, INC., and C.H.WHEELER MANUFACTURING COMPANY, J AND H MARINE & INDUSTRIAL ENGINEERING COMPANY; JOHN CRANE, INC., THE J.R. CLARKSON COMPANY *successor to the* KUNKLE VALVE COMPANY, *and successor to* J.E. LONERGAN COMPANY, MCNALLY INDUSTRIES, LLC *successor to* NORTHERN FIRE APPARATUS, METALCLAD INSULATION, LLC, METROPOLITAN LIFE INSURANCE COMPANY, THE NASH ENGINEERING COMPANY, PNEUMO ABEX, LLC, QUINCY COMPRESSOR, LLC, *a/k/a* QUINCY COMPRESSOR CO., ROBERTSHAW CONTROLS CO., SPIRAX SARCO, INC., SYD CARPENTER MARINE CONTRACTORS, TACO, INC., TATE ANDALE, INC., THOMAS DEE ENGINEERING COMPANY, THRUSH CO., INC., TRIPLE A MACHINE SHOP, INC., UNION CARBIDE CORPORATION,VELAN VALV CORP., *a/k/a* VELAN VALVE CORPORATION, ViacomCBS INC., *f/k/a* CBS CORPORATION (a Delaware Corporation *f/k/a* Viacom, Inc.) *is a successor by merger to* CBS CORPORATION (a Pennsylvania corporation *f/k/a* Westinghouse Electric Corporation) *and also successor-in-interest to* BF STURTEVANT,WARREN PUMPS, LLC, and WEIR-VALVES & CONTROLS USA, INC., *d/b/a* ATWOOD & MORRILL CO.

3.    At all times herein set forth, the Defendants' products were being employed in the manner and for the purposes for which they were intended.

4.    CHLOYDE PELTON's exposure to and inhalation of the asbestos fibers emanating from the above-mentioned products were completely foreseeable and could or should have been anticipated by the Defendants.

5.    The Defendants knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons

inhaling them.

6.     That on or about June 11, 2021, the Plaintiff first became aware that he had developed mesothelioma and, at a later date, learned that said disease was wrongfully caused.

7.     At all times herein relevant, the Defendants had a duty to exercise reasonable care and caution for the safety of the Plaintiff and others working with and around the products of the Defendants containing asbestos.

8.     The Defendants failed to exercise ordinary care and caution for the safety of the Plaintiff in one or more of the following respects:

>     (a)    Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

>     (b)  Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

>     (c)  Included asbestos in their products when adequate substitutes for the asbestos in them was available;

>     (d)  Failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers contained in them;

>     (e)  Failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

>     (f)    Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers might be exposed while working with the products.

>     (g)    Designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of

FILED DATE: 7/8/2021 9:23 AM   2021L006906

FILED DATE: 7/8/2021 9:23 AM    2021L006906

asbestos-containing replacement components.

(h)   Designed respiratory protection systems, including masks and/or respirators, which failed to protect the Plaintiff from inhaling asbestos fibers and/or asbestiform fibers.

9.    That as a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop mesothelioma, which will ultimately lead to his death; Plaintiffs  have been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experienced, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

## COUNT II

### WILLFUL AND WANTON

COMES NOW the Plaintiffs, CHLOYDE PELTON and SHIRLEY PELTON, by their attorneys, Flint Law Firm, LLC, and for their cause of action against the Defendants, state:

FILED DATE: 7/8/2021 9:23 AM    2021L006906

1. - 8.  Plaintiffs repeat and reallege Paragraphs 1 - 8 of Count I as and for Paragraphs 1 - 8 of this Count II.

9.      Defendants are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons working with or around them would inhale asbestos fibers;

(b)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling them;

(c)  Intentionally or with a reckless disregard for the safety of Plaintiff, included asbestos in the products when adequate substitutes for the asbestos in them was available;

(d)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate warnings to persons working with and around the products of the dangers of inhaling the asbestos fibers in them;

(e)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to provide any or adequate instructions concerning the safe methods of working with and around the products, including specific instructions on how to avoid inhaling the asbestos fibers in them; and

(f)  Intentionally or with a reckless disregard for the safety of the Plaintiff, failed to conduct tests on the asbestos-containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers might be exposed while working with the products and/or conspired with others to conceal the results of such tests.

(g)  Intentionally or with a reckless disregard for the safety of the Plaintiff, designed, manufactured and sold equipment, vehicles, machinery, technologies and systems that included asbestos-containing components and required and/or specified the use of

FILED DATE: 7/8/2021 9:23 AM   2021L006906

asbestos-containing replacement components.

10.     Plaintiffs repeat and reallege Paragraph 9 of Count I as and for Paragraphs 10 of this Count II.

WHEREFORE, Plaintiffs prays judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiffs' injuries.

## COUNT III

### CONSPIRACY

COMES NOW the Plaintiffs, CHLOYDE PELTON and SHIRLEY PELTON, by their attorneys, Flint Law Firm, LLC, and for their cause of action against the Defendants, state:

1– 8.   Plaintiffs repeat and reallege Paragraphs 1 - 8 of Count I as and for Paragraphs 1-8 of this Count III.

9.     During the course of his employment, Plaintiff was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with and around which were manufactured, sold or distributed by the Defendants named in Count I above.

10.     The Defendants, including METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC and HONEYWELL INTERNATIONAL INC., and/or their predecessors-in-interest in Madison County, Illinois, Cook County, Illinois, Cicero, Illinois, Chicago, Illinois, Libertyville, Illinois and Waukegan, Illinois as well as other locations, knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities, including Johns-Manville Corporation, Union Asbestos & Rubber Company,

Pittsburgh-Corning Corporation and United States Gypsum, to cause Plaintiff's injury, disease and illness by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose himself to said dangers. In this connection, Plaintiffs have sued METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX LLC and HONEYWELL INTERNATIONAL INC., in their capacities as co-conspirators. Defendants committed the above-described wrongs, some of which wrongful conduct occurred at the locations above, by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

11. In furtherance of said conspiracy, Defendants, METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC and HONEYWELL INTERNATIONAL INC., performed the following overt acts:

    (a) for many decades, Defendants METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC and HONEYWELL INTERNATIONAL INC., individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic and potentially deadly;

    (b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with

FILED DATE: 7/8/2021 9:23 AM    2021L006906

each other and other entities, fraudulently, willfully and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)     In addition, certain of the Defendants, including but not limited to METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC and HONEYWELL INTERNATIONAL INC., contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting an asbestos disease or cancer.

(d)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(e)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose himself to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which

FILED DATE: 7/8/2021 9:23 AM   2021L006906

caused the release of respirable asbestos fibers.

12.     Defendants individually, and as members of a conspiracy, and as agents of other co-conspirators were in a position of superior knowledge regarding the health hazards of asbestos and therefore the Plaintiff and others deciding to use said asbestos-containing products to which Plaintiff was exposed had a right to rely and did rely on the published reports commissioned by the Defendants regarding the health hazards of asbestos and the absence of published medical and scientific data regarding the hazards of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

13.     As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, upon which data the Plaintiff reasonably relied, the Defendants caused asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to be used by Plaintiff and Plaintiff inhaled or otherwise ingested hazardous asbestos dust, and/or will inhale or ingest hazardous asbestos dust, resulting in injuries.

14.     Additionally and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff and workers such as Plaintiff, of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid exposure to asbestos dust.  Because of this ignorance on the part of the Plaintiff, Defendants' failure to warn, Defendants' concealment from the Plaintiff of the alteration of their published test results, and

FILED DATE: 7/8/2021 9:23 AM   2021L006906

the actions and omissions and concerted design and conspiracy of METROPOLITAN LIFE INSURANCE COMPANY, PNEUMO ABEX, LLC and HONEYWELL INTERNATIONAL INC., some of which wrongful conduct occurred in Madison County, Illinois, McLean County, Illinois and Cook County, Illinois and others, all as described above, the Plaintiff was exposed to asbestos and asbestos-containing products and/or machinery containing or calling for the use of asbestos and/or asbestos-containing products used at his places of employment and/or his family members' place employment and has inhaled or otherwise ingested hazardous asbestos dust resulting in his developing mesothelioma.

15.     As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants mentioned above, the Plaintiff was exposed to and inhaled, ingested or otherwise absorbed asbestos fibers causing Plaintiff to develop mesothelioma, which will ultimately lead to his death; Plaintiffs have been compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of Plaintiff's asbestos-induced disease and conditions; Plaintiff has experienced, and will continue to experience now and in the future, great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; that as a further result of his asbestos-induced disease and conditions, the Plaintiff has been hindered, and will continue to be hindered now and in the future, from pursuing his normal course of employment, thereby losing large sums of monies which otherwise would have accrued to him and his estate; further, by reason of the sickness of the Plaintiff, his family has been deprived, and will continue to be deprived, of his means of support and society.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants for a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS which will fairly and reasonably

FILED DATE: 7/8/2021 9:23 AM  2021L006906

compensate for the Plaintiffs' injuries.

## **COUNT IV**

### NEGLIGENT SPOLIATION OF EVIDENCE

COMES NOW the Plaintiffs, CHLOYDE PELTON and SHIRLEY PELTON, by their attorneys, Flint Law Firm, LLC, and for their cause of action against the Defendants, state:

1.      Prior to the commencement of this case, Defendants had in their respective possession, custody and control documents and information relating to issues in this case.

2.      Upon information and belief, said issues include, but are not limited to: the identification of asbestos-containing products to which Plaintiff was exposed, the locations to, and at, which Defendants sold, distributed and applied asbestos-containing products; the identity of the manufacturers and others in the distribution chain of said products; and, Defendants' knowledge, notice and information regarding the hazards of asbestos and whether or not they were negligent.

3.      It was foreseeable to a reasonable person/entity in the respective positions of Defendants, that said documents and information constituted evidence, which was material to potential civil litigation-namely, asbestos litigation. Said Defendants had a duty to maintain and preserve said documents and information because they knew or should have known that said documents and information were material evidence in potential asbestos litigation.

4.      Plaintiffs have sought, but been unable to obtain, full disclosure of relevant documents and information from Defendants, leading to the inference that Defendants destroyed and otherwise disposed of said documents and information.

5.      Said Defendants and each of them breached their duty to preserve said material evidence by destroying and otherwise disposing of said documents and information, at a time

FILED DATE: 7/8/2021 9:23 AM  2021L006906

when they and each of them knew or should have known that the same constituted material evidence in potential civil litigation.

6.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiffs have been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said Defendants and, as a further result thereof, has been compelled to dismiss and/or unfavorably compromise said claims against other Defendants.

7.      As a result of this prejudice and impairment, Plaintiffs have been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiffs pray this Court to enter judgment against Defendants and to award compensatory damages in an amount to be proved at trial, but believed to exceed FIFTY THOUSAND ($50,000.00) DOLLARS and for such other and further relief that this Court deems appropriate.

## COUNT V

### WILLFUL AND WANTON SPOLIATION OF EVIDENCE

COMES NOW the Plaintiffs, CHLOYDE PELTON and SHIRLEY PELTON, by their attorneys, Flint Law Firm, LLC, and for their cause of action against the Defendants, state:

1.      Plaintiffs herein incorporate by reference paragraphs 1-5 of Count IV.

2.      In destroying and disposing of said material evidence, said Defendants and each of them acted intentionally and/or in reckless disregard of their duty to preserve the same.

3.      As a direct and proximate result of said destruction and disposal of material evidence, Plaintiffs have been prejudiced and impaired in proving claims against all potentially liable parties, including, but not limited to, said Defendants and, as a further result thereof, has

been compelled to dismiss and/or unfavorably compromise said claims against other Defendants.

4.   As a result of this prejudice and impairment, Plaintiffs have been caused to suffer damages in the form of impaired ability to recover against Defendants and lost or reduced compensation from other potentially liable parties in this litigation.

WHEREFORE, Plaintiffs prays this Court to enter judgment against Defendants and to award:  compensatory damages in an amount to be proved at trial, but believed to exceed $50,000 and punitive damages in an amount sufficient to punish Defendants for their misconduct and to deter similarly situated parties from committing like acts of misconduct in the future; and for such other and further relief that this Court deems appropriate.

## COUNT VI

### LOSS OF CONSORTIUM

Plaintiff SHIRLEY PELTON, wife of CHLOYDE PELTON, for Count VI of this Complaint against all Defendants states:

1.   Plaintiff incorporates by reference all paragraphs of Counts I – V.

2.   At all relevant times, and particularly prior to his diagnosis of mesothelioma, SHIRLEY PELTON has been and remains the wife of CHLOYDE PELTON.

3.   As a direct and proximate result of Defendants' conduct set forth in Counts I -V and the injury suffered by her husband CHLOYDE PELTON, Plaintiff SHIRLEY PELTON has suffered, and will suffer in the future, interference with and impairment of their marital relationship and all those elements of married life Plaintiff was accustomed to receiving, including, but not limited to, support, devotion, care, society and consortium.

WHEREFORE, Plaintiff, SHIRLEY PELTON, prays this Court enter judgment in her favor and against these Defendants, jointly and severally, to award compensatory damages in

FILED DATE: 7/8/2021 9:23 AM   2021L006906

FILED DATE: 7/8/2021 9:23 AM   2021L006906

excess of FIFTY THOUSAND ($50,000.00) DOLLARS and costs incurred prosecuting this matter, and to grant such other and further relief as this Court deems appropriate.

**PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.**

Respectfully submitted,

FLINT LAW FIRM, LLC

By:     */s/ Lawrence K. Holcomb*
Lawrence K. Holcomb #6328944
Ethan A. Flint, #6286170
Laci M. Whitley, #6314263
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777:  telephone
(618) 288-2864:  facsimile
service@flintlaw.com
**ATTORNEYS FOR PLAINTIFFS**
Cook County Firm No. 61062

FILED
7/8/2021 9:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006906

**IN THE CIRCUIT COURT**
**COOK COUNTY, ILLINOIS**

| | |
|---|---|
| CHLOYDE PELTON and SHIRLY PELTON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 21-L-_____ |
| -vs.- | ) J1 |
| | ) |
| AIR & LIQUID SYSTEMS CORPORATION, *successor by* | ) |
| *merger to* BUFFALO PUMPS, INC., | ) |
| | ) |
| Defendants. | ) |

**AFFIDAVIT REGARDING DAMAGES SOUGHT**

COMES NOW Ethan A. Flint and Laci M. Whitley of Flint Law Firm, LLC, pursuant to

Illinois Supreme Court Rule 222(b), and states on their oath that the damages sought in the above

captioned matter exceed $50,000.

Respectfully submitted,

FLINT LAW FIRM, LLC


By:  */s/ Lawrence K. Holcomb*
Lawrence K. Holcomb #6328944
Ethan A. Flint, #6286170
Laci M. Whitley, #6314263
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777:  telephone
(618) 288-2864:  facsimile
service@flintlaw.com
**ATTORNEYS FOR PLAINTIFFS**
Cook County Firm No. 61062

FILED DATE: 7/8/2021 9:23 AM  2021L006906

FILED DATE: 7/8/2021 9:23 AM    2021L006906

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

*/s/ Lawrence K. Holcomb*

Civil Action Cover Sheet - Case Initiation        (05/27/16) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FILED
7/8/2021 9:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006906

CHLOYDE PELTON and SHIRLEY PELTON

v.

Air & Liquid Systems Corporation, a/k/a Buffalo Pumps, Inc., et al.,

No. _____

*FILED DATE: 7/8/2021 9:23 AM   2021L006906*

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ❑ Yes  ❑ No

**(FILE STAMP)**

#### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ❑ 027  Motor Vehicle
- ❑ 040  Medical Malpractice
- ☑ 047  Asbestos
- ❑ 048  Dram Shop
- ❑ 049  Product Liability
- ❑ 051  Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ❑ 052  Railroad/FELA
- ❑ 053  Pediatric Lead Exposure
- ❑ 061  Other Personal Injury/Wrongful Death
- ❑ 063  Intentional Tort
- ❑ 064  Miscellaneous Statutory Action
  (Please Specify Below**)
- ❑ 065  Premises Liability
- ❑ 078  Fen-phen/Redux Litigation
- ❑ 199  Silicone Implant

#### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ❑ 007  Confessions of Judgment
- ❑ 008  Replevin
- ❑ 009  Tax
- ❑ 015  Condemnation
- ❑ 017  Detinue
- ❑ 029  Unemployment Compensation
- ❑ 031  Foreign Transcript
- ❑ 036  Administrative Review Action
- ❑ 085  Petition to Register Foreign Judgment
- ❑ 099  All Other Extraordinary Remedies

By: Lawrence K. Holcomb, # 6328944
   _____
   (Attorney)              (Pro Se)

#### COMMERCIAL LITIGATION
CASE TYPES:
- ❑ 002  Breach of Contract
- ❑ 070  Professional Malpractice
  (other than legal or medical)
- ❑ 071  Fraud (other than legal or medical)
- ❑ 072  Consumer Fraud
- ❑ 073  Breach of Warranty
- ❑ 074  Statutory Action
  (Please specify below.**)
- ❑ 075  Other Commercial Litigation
  (Please specify below.**)
- ❑ 076  Retaliatory Discharge

#### OTHER ACTIONS
CASE TYPES:
- ❑ 062  Property Damage
- ❑ 066  Legal Malpractice
- ❑ 077  Libel/Slander
- ❑ 079  Petition for Qualified Orders
- ❑ 084  Petition to Issue Subpoena
- ❑ 100  Petition for Discovery

** _____
   _____

Primary Email: lholcomb@flintlaw.com

Secondary Email: _____

Tertiary Email: service@flintlaw.com

**Pro Se Only:** ❑ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the **Clerk's Office** for this case at this email address: _____

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

FILED
7/8/2021 9:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006906

**IN THE CIRCUIT COURT
COOK COUNTY, ILLINOIS**

CHLOYDE PELTON and SHIRLY PELTON,    )
                                                          )

       Plaintiffs,    )

                                                        )   No. 21-L-_____

-vs.-    )   J1

                                                        )

AIR & LIQUID SYSTEMS CORPORATION, *successor by*    )
  *merger to* BUFFALO PUMPS, INC.,    )

                                                       )

       Defendants.    )

**ENTRY OF APPEARANCE**

      COME NOW Flint Law Firm, LLC, Ethan A. Flint, and Laci M. Whitley as counsel for

the Plaintiffs CHLOYDE PELTON and SHIRLY PELTON, and enter their appearance in the

above numbered cause of action.

                              Respectfully submitted,

                              FLINT LAW FIRM, LLC

                              By:    */s/ Lawrence K. Holcomb*___
                                         Lawrence K. Holcomb #6328944
                                         Ethan A. Flint, #6286170
                                         Laci M. Whitley, #6314263
                                         222 East Park Street, Suite 500
                                         P.O. Box 189
                                         Edwardsville, Illinois 62025
                                         (618) 288-4777:  telephone
                                         (618) 288-2864:  facsimile
                                         service@flintlaw.com
                                         **ATTORNEYS FOR PLAINTIFFS**
                                         Cook County Firm No. 61062

FILED DATE: 7/8/2021 9:23 AM   2021L006906

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon Defendants with a copy of the complaint and summons as of the date noted on the return summons.

*/s/ Lawrence K. Holcomb*

FILED DATE: 7/8/2021 9:23 AM   2021L006906

FILED
7/8/2021 9:23 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L006906

**IN THE CIRCUIT COURT**
**COOK COUNTY, ILLINOIS**

| | | |
|---|---|---|
| CHLOYDE PELTON and SHIRLY PELTON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 21-L-_____ |
| -vs.- | ) | J1 |
| | ) | |
| AIR & LIQUID SYSTEMS CORPORATION, *successor by* | ) | |
| *merger to* BUFFALO PUMPS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF ATTORNEY'S LIEN

TAKE NOTICE that, pursuant to 770 ILCS 5/1, Plaintiff's attorneys Flint Law Firm, LLC,

have a statutory lien upon any and all proceeds recovered in the above-numbered cause of action.

Pursuant to Illinois law, 770 ILCS 5/1, this lien shall attach to any verdict, judgment or order

entered and to any money or property which may be recovered, on account of such suits, claims,

demands or causes of action, from and after the time of service of this notice.

Respectfully submitted,

FLINT LAW FIRM, LLC

By:  */s/ Lawrence K. Holcomb*
Lawrence K. Holcomb #6328944
Ethan A. Flint, #6286170
Laci M. Whitley, #6314263
222 East Park Street, Suite 500
P.O. Box 189
Edwardsville, Illinois 62025
(618) 288-4777:  telephone
(618) 288-2864:  facsimile
service@flintlaw.com
**ATTORNEYS FOR PLAINTIFFS**
Cook County Firm No. 61062

FILED DATE: 7/8/2021 9:23 AM 2021L006906

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon Defendants with a copy of the complaint and summons as of the date noted on the return summons.

*/s/ Lawrence K. Holcomb*